IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAURIE-JO STRATY, TEXAS ALLIANCE FOR RETIRED AMERICANS, and BIGTENT CREATIVE, <br><br> Plaintiffs, <br><br> v. <br><br> GREGORY ABBOTT, in his official capacity as Governor of the State of Texas, and RUTH HUGHS, in her official capacity as Texas Secretary of State, <br><br> Defendants. | § § § § § § § § § § § § § § § § | 1:20-CV-1015-RP |

**<u>ORDER</u>**

  Before the Court is Defendants' Motion to Strike. (Dkt. 32). Defendants object to certain exhibits filed by Plaintiffs attached to their motion for temporary restraining order and preliminary injunction.

  Defendant objects to and moves the Court to strike statements made in the declarations submitted by Plaintiffs in support of their motion for temporary restraining order and preliminary injunction, (Dkt. 9). (*Id*.). For each of the scores of statements to which Defendant objects, Defendant lists numerous objections (e.g. "lack of personal knowledge," "lacks foundation," etc.) in a table, but provides no further explanation or argument. The Court finds this perfunctory analysis to be unpersuasive and insufficient to warrant striking a significant amount of relevant declaration testimony from the preliminary injunction record.

  Moreover, having reviewed the declarations, the Court is convinced that the statements are appropriately considered. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Plaintiffs'

declarations are clearly based on their personal knowledge of their own experiences and on matters on which the Plaintiffs and declarants are all competent to testify. The declarations are sufficiently specific and contain adequate supporting context. Thus, the Court concludes Defendant's objections should be overruled and its motion to strike should be denied.

Accordingly, **IT IS ORDERED** that Defendants Motion to Strike, (Dkt. 32), is **DENIED**.

**SIGNED** on October 9, 2020.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE